John Kirchner, Appellee, v. Shoal Creek Coal Company, Appellant.

MINERS AND MINERS—*what not defense to action charging wilful violation.* Contributory negligence on the part of a miner is not a defense to an action under the Mines and Miners Act charging wilful violation of the provisions thereof.

Action in case for personal injuries. Appeal from the Circuit Court of Montgomery county; the Hon. GEORGE A. DUPUY, Judge, presiding. Heard in this court at the November term, 1910. Affirmed. Opinion filed May 26, 1911.

W. B. McBRIDE, for appellant; AMOS MILLER and MASTIN & SHERLOCK, of counsel.

HILL & BULLINGTON, for appellee.

MR. JUSTICE BAUME delivered the opinion of the court.

This is a suit by appellee against appellant to recover damages for personal injuries alleged to have been occasioned by the negligence of appellant and also by the alleged wilful failure of appellant to comply with certain provisions of the act entitled "Mines and Miners." · A trial by jury in the circuit court of Montgomery county resulted in a verdict and judgment against appellant for $700.

The declaration contains two counts. The first count charges common law negligence of appellant in its failure to exercise reasonable care to furnish appellee with a reasonably safe place in which to work, in that the rails of the track in appellant's coal mine were so separated and out of alignment that the flange of the wheels of a car running on said track would strike the end of one of the rails thereby causing the car to stop and become derailed. The second count charged that appellant wilfully failed to have its mine examiner visit and inspect the mine and mark the said track as a dangerous place, and did not prevent appellee from entering to work in said mine until all conditions had been made safe; that appellant wilfully failed to have its mine manager see to it that all dangerous places were properly marked and that danger signals were displayed thereat and that appellant wilfully permitted appellee to enter said mine to work therein, not under the direction of the mine manager, before all conditions had been made safe.

Appellee testified that on December 27, 1909, he was working as a mule driver in appellant's mine and had been there employed in that capacity for two or three years; that on the morning of that day while he was working on his run in the first east entry off of the main south entry he was directed by the boss driver to run some emergency trips in the second south entry off of the said first east entry; that he had not done any work in said last named entry for about two months; that he went as directed and made one trip to the bottom with a loaded car and was returning with an empty car, which, when it reached a point on the track near room three became derailed, and so occasioned the injury complained of; that the track at that place was somewhat

sunken and the end of one rail was about two inches out of alignment with the end of the other rail; that the flange of the car wheel was on the inside of the rail; that at the time of his injury he was riding on the car and driving the mule in the usual and customary manner. The witness Stewart testified that the rails of the track at the place in question were three or four inches apart and formed a high joint so that a car jolted when it went over it; that an incoming empty car was liable to become derailed by the flange of the wheel striking the inside rail; that the track had then been in that condition six weeks. A like condition of the track at the place in question was testified to by the witnesses Cassi and Noe. The witnesses for appellee further testified that there were no marks or danger signals at or near the alleged defect in the track. One witness, McCracken, appellant's boss driver, testified that a condition of the track as described by appellee's witnesses did not exist, but that the track at the place in question turned slightly to the left. Appellant's mine examiner, McVey, testified that he examined the entire mine between midnight and four o'clock in the morning, and that such examination involved the necessity of walking through twenty entries, each of the length of about 1000 feet, and the inspection of about 100 rooms, some of which had been worked a distance of 200 feet, and that he made a report of his examination, wherein he certified that he had found all the conditions in the entry in question to be safe.

Our attention is called to numerous instances in which it is claimed the trial court erred in admitting incompetent evidence and in excluding evidence proper to be considered by the jury. The objections in this regard are not of sufficient significance to merit discussion. The record is exceptionally free from any error in that respect which could in any manner have operated to the prejudice of appellant.

The first instruction given at the instance of appellee is an accurate statement of the law and has been repeatedly approved. The fifth instruction merely informs the jury that contributory negligence, if any, on the part of appellee could

not be availed of by appellant as a defense under the second count of the declaration which alleges a wilful violation by appellant of certain provisions of the act entitled "Mines and Miners." The objection to the instruction seems to be predicated upon some not well defined claim that the second count of the declaration is faulty. Appellant pleaded the general issue to each count of the declaration, after demurrer overruled, and as both counts of the declaration are good after verdict the instruction is not subject to the criticism urged. In several instructions given to the jury at the instance of appellant the sufficiency of the declaration to support a verdict is impliedly conceded.

The objection which appellant urges to the seventh instruction given at the request of appellee is identical with the objection urged by the appellant in Mertens v. Southern Coal Co., 235 Ill. 540, to the first instruction given at the instance of appellee and the instruction was there held not to be erroneous.

The second count of the declaration charges the wilful failure of appellant in other respects than a failure to place a conspicuous mark at the place in question, and for this reason, if no other, the court did not err in refusing the first and second instructions tendered by appellant.

The evidence is sufficient to warrant a recovery under the first count of the declaration, and the judgment of the circuit court will be affirmed.

*Affirmed.*